IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL A. JACQUES and JEAN L. JACQUES,<br><br>    Plaintiffs,<br><br>  v.<br><br>HYATT CORPORATION, a Delaware corporation, dba MAUI HYATT RESORT, dba HYATT REGENCY MAUI RESORT & SPA; MEDICAL TECHNOLOGY, INC., a Texas corporation, dba BLEDSOE BRACE SYSTEMS; and DOES 1 to 125, inclusive,<br><br>    Defendants.<br>_____ / | No. C 11-05364 WHA<br><br>**ORDER DENYING MOTION TO SEVER, DENYING MOTION TO DISMISS OR TRANSFER, AND VACATING HEARING** |

## INTRODUCTION

In this personal-injury action, defendant Hyatt Corporation moves to sever and to dismiss or transfer. For the reasons stated below, both motions are **DENIED**. The hearing scheduled for July 25 is **VACATED**.

## STATEMENT

Defendant Hyatt Corporation moves to sever the claims against Hyatt Corporation from the claim against defendant Medical Technology, Inc. for misjoinder of parties pursuant to FRCP 21, and also moves to dismiss or transfer for improper venue pursuant to 28 U.S.C. 1406(a) and 28 U.S.C. 1391, or in the alternative, to transfer pursuant to 28 U.S.C. 1404(a). The motion to sever is **DENIED** because the claims arise out of a series of related occurrences,

1  involve common questions of law and fact, and Hyatt has not demonstrated it will be prejudiced
2  by maintaining the claims in a single action. The motion to dismiss or transfer is **DENIED**
3  because Sections 1391 and 1406(a) do not apply to removed actions; venue is proper under the
4  removal statute, 28 U.S.C. 1441(a); and Hyatt Corporation does not make a sufficiently strong
5  showing of inconvenience to defeat plaintiffs' choice of forum and justify discretionary transfer
6  pursuant to Section 1404(a).

7  Plaintiffs are Paul A. Jacques and his wife, Jean L. Jacques, individuals residing in
8  California. Defendants are Hyatt Corporation, a Delaware corporation, dba Maui Hyatt
9  Resort, dba Hyatt Regency Maui Resort & Spa ("Hyatt") and Medical Technology, Inc., a
10 Texas corporation, dba Bledsoe Brace Systems ("Medical Technology"); and Does 1 through
11 125. While the complaint lists Hyatt Corporation as a Delaware corporation, and the California
12 Secretary of State records show Hyatt's address as Chicago, Illinois, Hyatt contends that Hyatt
13 Maui has its principal place of business in the state of Hawaii (*see* Pappas Decl. Exh. H;
14 Johnson Decl. 1).* "Even though Hyatt Maui is part of the Hyatt corporate brand, it is an
15 independent entity and is not managed by or in conjunction with any other Hyatt entity in the
16 state of California" (Sever Br. 1). This issue will be discussed in greater detail below as it
17 pertains to the motion to dismiss or transfer. Medical Technology is organized under the
18 laws of Texas and its principal place of business is in Texas (Notice of Removal 3).

19 Plaintiffs brought this action as a result of personal injuries suffered by Mr. Jacques
20 during plaintiffs' honeymoon in Hawaii and a subsequent incident in plaintiffs' backyard in
21 California. The following facts are taken from the complaint. In July 2009, plaintiffs visited
22 the Hyatt Regency Maui Resort & Spa in Maui, Hawaii. While descending stairs outdoors near
23 the pool area, Mr. Jacques slipped and fell, hitting his right knee on a lava boulder lining the
24 staircase. The flagstone steps were very wet, and although the first and second sets of stairs
25 had handrails, the third set — where Mr. Jacques fell — did not. Mr. Jacques suffered a ruptured

---

27 * This order takes judicial notice of the California Secretary of State "Business Entity Detail" for
28 Hyatt Corporation, as the contents of this documents are not subject to reasonable dispute in that, as a government website, it is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

patella tendon and was non-ambulatory and in extreme pain for the remaining four days of his honeymoon.  Upon return to California, the tendon was surgically repaired at the orthopedic Kaiser clinic in South San Francisco (First Amd. Compl. ¶ GN-1).

The second incident occurred two months later, while Mr. Jacques was wearing Medical Technology's orthopedic knee brace to stabilize his knee after the above-described injury. "While descending some stairs in his back yard, he at one point partially shifted his weight to the injured knee, causing the metal strap which holds the top and bottom portions of the knee brace together to bend, which in turn caused him to fall."  His patella tendon re-ruptured and required another surgery (First Amd. Compl. Attachment Prod. L-1).

Plaintiffs assert three claims for relief:  (1) general negligence against Hyatt, (2) premises liability against Hyatt, and (3) products liability against Medical Technology.  Mr. Jacques seeks damages for the physical injury, pain and suffering, emotional distress, anxiety, and wage loss; Mrs. Jacques seeks damages for loss of consortium.  Plaintiffs' complaint was first filed in San Mateo County Superior Court in June 2011, and an amended complaint was filed in September 2011 to add the products liability claim against Medical Technology.

On November 4, 2011, defendant Medical Technology removed the action to federal court pursuant to 28 U.S.C. 1332, 1441, and 1446.  There is complete diversity among the parties, and Medical Technology asserts that based on the nature of the purported incidents and damages, and confirmation from plaintiffs' attorney, the amount in controversy exceeds $75,000, exclusive of interest and costs (Notice of Removal ¶¶ 5–9, 11).  Medical Technology was served with the first amended complaint and summons on or about October 6, 2011, and Hyatt was served on or about October 5, 2011, therefore, removal was timely (*see id.* ¶ 10). Hyatt consented to removal and Medical Technology served all parties with notice on November 17, 2011 (Dkt. No. 9).

Hyatt now moves to sever for misjoinder of parties, and to dismiss or transfer for improper venue.

**ANALYSIS**

This order addresses two motions: (1) Hyatt's motion to sever claims against Hyatt and Medical Technology and (2) Hyatt's motion to dismiss or transfer for improper venue.

**1. MOTION TO SEVER.**

Hyatt moves to sever the claims against Hyatt and Medical Technology because it contends that the claims did not arise out of the same transaction, occurrence, or series of transactions or occurrences. Medical Technology and plaintiffs oppose the motion.

As set forth in FRCP 20(a)(2), multiple defendants may be joined together in one action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." "Although the specific requirements of Rule 20 . . . may be satisfied, a trial court must also examine the other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness." *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980). Such factors may include judicial economy, prejudice, and whether separate claims require different witnesses and documentary proof. *SEC v. Leslie*, No. C 07-3444, 2010 WL 2991038, at *4 (N.D. Cal. Jul. 29, 2010) (Fogel, J.). The FRCP 20(a) requirements and additional fundamental fairness factors will be considered in turn as follows.

**A. Same Transaction or Occurrence.**

"The Ninth Circuit has interpreted the phrase 'same transaction, occurrence, or series of transactions or occurrences' to require a degree of factual commonality underlying the claims." Typically, this means that a party "must assert rights . . . that arise from related activities — a transaction or an occurrence or a series thereof." *Bravado Int'l Grp. Merch. Servs. v. Cha*, 2010 WL 2650432, at *4 (C.D. Cal. Jun. 30, 2010) (citing *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997)). District courts have reached different conclusions regarding whether overlapping liability alone is sufficient to satisfy FRCP 20, and our court of appeals has not yet

4

decided this issue. *See Oda v. United States*, No. CV 11-04514-PSG, 2012 WL 692409, at *1–2 (N.D. Cal. Mar. 2, 2012) (Grewal, Mag. J.) (describing two lines of cases).

Hyatt argues that the claims against Hyatt and Medical Technology do not arise out of the same transaction, occurrence, or series of transactions or occurrences because the only thing they have in common is the location of the injury — Mr. Jacques's knee. The first injury was on Hyatt's property in Maui while the second was in California two months later, and the injuries allegedly occurred in a different manner (*see* Br. 3–4).

In contrast, plaintiffs contend that the claims arise out of the same "series of occurrences" because the injuries and damages overlap, and the evidence submitted will be relevant to both. Plaintiffs also anticipate that if this motion to sever is granted, defendants will employ an empty-chair defense "because this case involves injury, then re-injury, to the same body part in exactly the same way, and because the second injury would not have occurred but for the first" (Jacques Opp. 1–2). Plaintiffs argue that these two injuries to Mr. Jacques's knee are causally related, not coincidental (*id.* 2). Medical Technology puts forth similar arguments, pointing to the facts that the injuries occurred close in time, to the same plaintiff and part of his knee, and that Mr. Jacques would not have been wearing the knee brace in the second incident, but for the accident involving Hyatt (Medical Technology Opp. 6).

Hyatt oversimplifies the issue by arguing that the only thing the claims have in common is an injury to Mr. Jacques's knee. The rule simply requires "related activities" and "similarity in the factual background of a claim." *See Bravado*, 2010 WL 2650432, at *4. Plaintiffs have set forth several relationships between the accidents and factual similarities underlying the claims, specifically: that the injury and re-injury occurred to the same body part in exactly the same way, the second accident would not have occurred but for the first, and there are overlapping damages (Jacques Opp. 1–2). Plaintiffs' allegations therefore meet the threshold requirement.

The instant action is distinguishable from *Oda*, where although the two vehicular accidents "allegedly contribute[d] to [plaintiff]'s current injuries," the events were "wholly distinct" and were not causally related. *See Oda*, 2012 WL 692409, at *2. Here, Mr. Jacques's

5

current injuries allegedly stem from two accidents that are alleged to be causally related. Unlike in *Oda*, Mr. Jacques's second accident allegedly would not have occurred but for the first accident, at least in part because he would not have been wearing the knee brace at issue (*see* Jacques Opp. 1; Medical Technology Opp. 6).

The instant action is more analogous to *Wilson*, where the plaintiff sued for products liability and subsequent medical malpractice after an accident involving a dyeing machine:

> Although Dr. Schoenbach's treatment of [plaintiff]'s finger is a separate proposition from the injury of his finger in the machine, the two incidents are part of a series of occurrences which have allegedly contributed to the current condition of [plaintiff]'s finger. Common questions of law and overlapping questions of fact will arise both with regard to the cause of [plaintiff]'s disability and the extent of his damages.

*Wilson v. Famatex GmbH Fabrik Fuer Textilausruestungsmaschinen*, 726 F. Supp. 950, 951–52 (S.D.N.Y. 1989). So too here. Because the injuries occurred only two months apart, the first accident was allegedly a causal factor in the second, and both incidents allegedly contributed to the current condition of Mr. Jacques's knee, this order finds the threshold "series of occurrences" requirement has been met.

### B. Common Questions of Law or Fact.

Hyatt argues that in addition to the claims stemming from different incidents, the claims against Hyatt are based on negligence and premises liability, while the claims against Medical Technology are based on products liability (Br. 4). Medical Technology counters by pointing to common questions of law such as plaintiffs' comparative negligence and that the claims against each defendant involve negligence, as well as multiple common questions of fact:

> Mr. Jacques' preexisting medical, mental, emotional and physical conditions that may have contributed to the incidents and/or his claimed damages; the circumstances surrounding Mr. Jacques' alleged initial injury and the circumstances surrounding his subsequent re-injury; the nature and extent of Mr. Jacques' alleged injuries and damages; the nature and extent of Mr. Jacques' injuries that could have continued on even had no second accident occurred and the extent of any exacerbation of those claimed injuries by the second accident; the circumstances involved in the initial surgery and pre and post-surgical treatment; the alleged mental and emotional injuries and potential contributing factors, if any such injuries exist; and facts relating to the alleged damages claims, including the purported wage loss claim and pre-existing contributing factors.

6

(Medical Technology Opp. 7). Medical Technologies also puts forth the argument that Hyatt may be liable for injuries and damages arising from the second accident caused or contributed to by the first accident, and analogizes to cases where medical malpractice during subsequent treatment was a reasonably foreseeable result of an original tortfeasor's act (*see id.* 7–8).

FRCP 20 requires at least one common question of law or fact. At a minimum, preexisting conditions, contributing factors, and the nature and extent of Mr. Jacques's injuries are a common questions of fact for both claims. Each of the defendants, moreover, will surely be pointing to the other as the primary cause of the ultimate injuries. Accordingly, plaintiffs' complaint meets the second threshold requirement under FRCP 20.

### C. Fundamental Fairness.

The remaining factors to be discussed pertain to the fundamental fairness analysis and require the defendant to show that joinder, despite satisfying the textual requirements of FRCP 20, should nevertheless be denied.

#### *(1)   Facilitation of Settlement or Judicial Economy.*

Hyatt believes settlement and judicial economy will not be facilitated by keeping the claims joined because the length of time between the incidents — a mere two months — and existence of separate medical records pertaining to each incident would effectively result in two trials, one for each defendant. Hyatt contends that having defendants participate in one long trial would not make settlement any more likely.

Plaintiffs, on the other hand, argue that holding two separate trials will be inefficient because it will require physicians to testify twice, and Hyatt and Medical Technology will each likely have to testify at both trials (Jacques Opp. 2). Medical Technology similarly argues that there will be duplication of witnesses, and also that potentially different schedules for separate trials would hinder settlement (Medical Technology Opp. 8).

Largely as a result of the overlapping evidentiary matter discussed in greater detail below, this order finds that efficiency concerns weigh in favor of maintaining the claims in one

7

action. Contrary to Hyatt's assertion, it has not shown that two separate trials will be shorter or less burdensome to the Court, parties, and witnesses; thus, this factor does not support severance.

### *(2)* *Prejudice.*

Hyatt argues it will be prejudiced if severance is not granted, because of the possibility it will be found liable for incidents after the original accident, over which Hyatt had no control (Br. 4). Hyatt also asserts that it will be prejudiced by the application of California law — as Hyatt notes in its motion to dismiss or transfer, California recognizes pure comparative negligence, while under Hawaii law, a plaintiff is barred from recovery if he is found to be over 50% negligent (Br. 4).

Plaintiffs argue they will be prejudiced because they have limited financial resources to pursue litigation in Hawaii, and because with separate trials, each defendant may try to blame the absent defendant for all or part of the damages (Jacques Opp. 1–2; Jacques Decl. ¶ 8). Medical Technology adds that mechanisms such as jury instructions, bifurcation of issues, and other protective measures under FRCP 20(b) can prevent prejudice (Medical Technology Opp. 9).

With regard to Hyatt's concern that it may erroneously be found liable for incidents after the original accident, protective measures such as careful jury instructions will be sufficient to separate the allegations and evidence relevant to each claim, to the extent this is necessary. Hyatt has not offered any rationale for why such safeguards will not be feasible or effective.

Furthermore, Hyatt's argument raising a potential choice of law issue, which it claims may give rise to prejudice, assumes prematurely that California law will be applied in this action (*see* Reply Br. 3). The choice of law rules for both California and Hawaii consider the interest of each jurisdiction in enforcing its laws when determining which state laws should be applied, so it is not clear that Hyatt will suffer any prejudice if the analysis proceeds under California choice-of-law rules. *Compare Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1005–07 (9th Cir. 2001) (California's governmental-interest test), *with Unified W. Grocers, Inc. v. Twin City Fire Ins. Co.*, 457 F.3d 1106, 1111 (9th Cir. 2006) (Hawaii's modern approach).

In contrast, plaintiffs would be subjected to prejudice if severance is granted. Each defendant is likely to argue that the other is responsible for Mr. Jacques's injuries. Additionally, plaintiffs have limited financial resources. Duplicative litigation in Hawaii would be unaffordable (*see* Jacques Opp. 1–2; Jacques Decl. ¶ 8). Whereas protective measures may be employed to prevent prejudice to Hyatt if necessary, the Court would be unable to construct similarly effective safeguards for plaintiffs.

Hyatt has failed to show it will suffer unavoidable prejudice if the instant action proceeds as a single lawsuit; therefore, this factor weighs against severance.

### (3) *Witnesses and Documentary Proof.*

The parties disagree over the extent to which the claims will rely on overlapping documentary proof and witnesses. Hyatt argues that because the injury occurred in Hawaii, many of the witnesses are based in Hawaii, and that furthermore, Medical Technology will use entirely different expert testimony for its products liability claims than Hyatt will use for its personal injury claim (Br. 4; Reply Br. 2). Joining the claims in a lengthy trial would burden both witnesses and the court due to travel and scheduling (Reply Br. 2).

Mr. Jacques has submitted a declaration that Drs. Fang, Atkinson, and Richard, the doctors responsible for his orthopedic surgeries, primary care, and psychiatric care, are all located in Northern California, and that only emergency care was provided in Hawaii. Furthermore, plaintiffs have photographs of the Maui accident site, and Hyatt has since remediated the site such that it is no longer in the same condition as when the accident occurred (*see id.* ¶ 7). Mr. Jacques also alleges that he and his wife are the only known, direct witnesses to the slip and fall (*id.* ¶ 6). Medical Technology reiterates the common medical witnesses and adds that witnesses to support Mr. Jacques's wage loss and pain and suffering claims will likely be located in California (Medical Technology Opp. 10). Overlapping documentary evidence includes medical, insurance, and employment records (*ibid.*).

Although it is possible that witnesses from Hawaii will be called to testify, the majority of potential witnesses identified thus far, particularly the medical personnel responsible for treating Mr. Jacques in California after each injury, are overlapping in both claims. While Hyatt

9

has argued that the medical records for each incident are separate, it is likely that both claims will rely on overlapping documentary evidence as to the common questions of fact discussed above, such as preexisting conditions, contributing factors, and the extent of injuries — the date of the second injury does not function as a bright line dividing the documentary evidence each claim may involve. The substantial evidentiary overlap weighs against severing the claims.

\*  \*  \*

In sum, plaintiffs' complaint meets the two required elements of FRCP 20, and Hyatt fails to show that joinder does not comport with principles of fundamental fairness. Accordingly, Hyatt's motion to sever is **DENIED**.

### 2. MOTION TO DISMISS OR TRANSFER.

Hyatt also moves to dismiss or transfer for improper venue pursuant to 28 U.S.C. 1406(a) and 28 U.S.C. 1391, or in the alternative, to transfer pursuant to 28 U.S.C. 1404(a). For the following reasons, this motion is **DENIED**.

### A. Section 1406(a).

Section 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. 1406(a). Hyatt argues that the Northern District of California is not the proper venue for this case, according to Section 1391(a):

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Hyatt contends that application of Section 1391 shows venue is improper because neither defendant resides in the state of California; the events giving rise to the claim took place in Hawaii, not California; and Hyatt is not subject to personal jurisdiction in California. Hyatt is mistaken.

10

Venue in cases removed from state court is governed by Section 1441(a), not Section 1391 (the general venue statute). The Supreme Court explained this distinction in *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665–66 (1953):

> Section 1391(a) limits the district in which an action may be "brought." . . . This action was not "brought" in the District Court, . . . the action was brought in a state court and removed to the District Court. Section 1441(a) expressly provides that the proper venue of a removed action is "the district court of the United States for the district and division embracing the place where such action is pending."

(citations omitted). Here, plaintiffs *brought* their case in San Mateo County Superior Court. The Northern District of California embraces San Mateo County, therefore, the proper venue of this removed action is the United States District Court for the Northern District of California.

Since Section 1406(a) only pertains to actions when venue is improper, it is inapplicable to the instant action. Likewise, Hyatt's arguments regarding choice of law following a 1406(a) transfer are irrelevant (*see* Br. 4).

In its reply brief, Hyatt "maintains that this action is improperly venued and should be transferred regardless of its removal from state court" (Reply Br. 1). Not so. As stated, venue is proper pursuant to Section 1441(a), and thus, Hyatt's motion will be construed solely as a motion for discretionary transfer pursuant to Section 1404(a).

### B. Personal Jurisdiction.

In arguing venue is improper under Section 1391, Hyatt recites our court of appeals's standard for exercising personal jurisdiction over an out-of-state defendant and asserts that "specific jurisdiction in the Northern District of California cannot be extended to Hyatt Maui in this case. Furthermore, Hyatt Maui's contacts with the state of California do not meet the threshold of the 'minimum contacts' test for general jurisdiction" (Br. 2–3). Because the motion does not clearly indicate that it is a motion to dismiss for lack of personal jurisdiction, this order does not construe it as such. Moreover, although Hyatt objected to venue in its answer filed in state court, it did not object to personal jurisdiction, nor did it seek leave to so amend its state-court answer, which became its answer in federal court after it consented to removal (*see* FRCP 81(c)(2); Medical Technology Opp. 5; Pappas Decl. Exh. D). Because Hyatt failed

1    to include an objection to personal jurisdiction in a responsive pleading, it has waived the
2    defense. FRCP 12(h)(1)(B)(ii).

### C. Section 1404(a) Discretionary Transfer.

This order now assesses Hyatt's motion under the proper statute, 28 U.S.C. 1404. Section 1404 states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. 1404(a).

In determining whether to grant a motion to transfer pursuant to Section 1404(a), courts may consider: (1) the state that is most familiar with the governing law; (2) the plaintiff's choice of forum; (3) the respective parties' contacts with the forum; (4) the contacts relating to the plaintiff's claim in the chosen forum; (5) the difference in the costs of litigation between the two forums; (6) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (7) the ease of access to sources of proof. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). Courts may also consider, "the administrative difficulties flowing from court congestion and [the] local interest in having localized controversies decided at home." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (quotation omitted). "The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Ibid.* (citation omitted).

As an initial matter, Hyatt does not meet its burden to show that the action could have been brought in the District of Hawaii. It asserts that all of the events giving rise to the claims occurred in Hawaii, but does not demonstrate that the District of Hawaii would have subject-matter jurisdiction over the claims or personal jurisdiction over defendant Medical Technology. Even were Hyatt able to show that the action could have been brought in the District of Hawaii, the following factors weigh against transfer, and this order finds that Hyatt has not made a strong enough showing of inconvenience to deny plaintiffs' choice of forum.

*First*, Hyatt appears to concede that "both the District of Hawaii and the Northern District of California are in the Ninth Circuit and each should be similar [sic] with the other's applicable law" (Br. 6). In addition, the only potential difference in governing law that Hyatt has

identified is the manner in which California and Hawaii apply the comparative fault rule, and either state's rule will be straightforward to apply here (*see* Jacques Opp. 6).

*Second*, plaintiffs have filed suit in their home forum and deference should be given to this choice. *See Jones*, 211 F.3d at 498–99. Hyatt contends that plaintiffs' choice of forum "is entirely unrelated to the events that took place in Hawaii which led to [Mr. Jacques]'s injury" (Br. 6). The reasons for plaintiffs' choice of forum are not at issue in this factor. Even if they were, plaintiffs chose to file the lawsuit in California for financial and pragmatic reasons, and this order must give weight to plaintiffs' preference (*See* Jacques Decl. ¶ 8; *Decker*, 805 F.2d at 843). This factor weighs heavily in favor of keeping the action in the Northern District of California.

*Third*, the respective parties' contacts with the forum does not weigh significantly in either direction. While the plaintiffs have close contacts with the chosen forum, the defendants do not.

*Fourth*, the contacts relating to plaintiffs' claim in the chosen forum also do not weigh strongly for or against transfer, because some of the contacts related to the claim occurred in the chosen forum (the medical treatment after both injuries, and the incident in plaintiffs' yard) and some contacts occurred in the proposed transfer forum (the initial incident in Maui). On the whole, this factor weighs slightly in favor of maintaining the action in California, because plaintiffs have identified more witnesses in the chosen forum than Hyatt has suggested will be necessary in Hawaii, and more of the events in question — Mr. Jacques's medical care in particular — took place in California.

*Fifth*, as to the difference in the costs of litigation between the two forums, Hyatt offers insufficient information to show that the action would be less costly to litigate in Hawaii. Hyatt asserts that it would be more "convenient" to do so, and would be unfair to subject witnesses and Hawaii citizens (in particular, an expert witness on Hawaiian safety codes) to the extra cost of travel to California (Br. 6; Reply Br. 3). On the other hand, plaintiffs state that they cannot afford to pay the costs of: (1) having the treating physicians and experts travel to testify in Hawaii, (2) having their attorney travel or hiring another attorney in Hawaii; or

13

(3) traveling to Hawaii themselves (Jacques Decl. 2). While Hyatt insists that "plaintiff has already demonstrated that he is capable of traveling to Hawaii because that is where he was when the alleged incident occurred," plaintiffs indicate their previous trip "was for [their] honeymoon and was a one-time event," and that they cannot afford another trip (*see* Br. 6; Jacques Decl. 2). Hyatt has not shown that transfer will do any more than "merely shift rather than eliminate the inconvenience" to the plaintiffs and Medical Technology. *See Decker*, 805 F.2d at 843. This factor does not weigh in favor of transfer to Hawaii.

*Sixth*, compulsory process is available for Hyatt's employees as agents of a party, but anticipated non-party witnesses such as Mr. Jacques's physicians cannot be compelled to testify more than 100 miles from their places of residence and employment pursuant to FRCP 45(c)(3)(A)(ii) (*see* Jacques Opp. 6; Medical Technology Opp. 9). Although it is unknown whether the physicians will be unwilling witnesses, and Hyatt may identify non-employee witnesses for whom compulsory process will not be available, at present this factor nevertheless weighs slightly in favor of maintaining the action in California.

*Seventh*, the ease of access to sources of proof does not weigh in favor of transfer. Although Hyatt contends that access to its stairwell and Hawaiian experts is important, the same is true regarding plaintiffs' stairs in their backyard, and the experts can come to California at Hyatt's expense. In addition, plaintiffs allege that Hyatt has remediated the stairwell, and as such, the site is no longer in the same condition as it was at the time of the accident (Jacques Opp. 6). Furthermore, the majority of documentary evidence pertaining to Mr. Jacques's medical treatment is in California, and it is likely to be less burdensome to transport any records related to the emergency care provided in Hawaii.

*Eighth*, Hyatt argues that "the District of Hawaii court system is certainly no more congested than that of the District of Northern California [sic], which is in a much larger and more populous state" (Br. 6). Hyatt offers no supporting authority, and there is no reason to believe the claims will be adjudicated more quickly in Hawaii, particularly as this Court is already familiar with the matter and has established deadlines for case management going forward. Lastly, Hyatt raises the point that "as tourism is a major industry in Hawaii, Hawaiian

14

courts have an interest in a case that involves both a local business and a potential safety issue involving visitors to Hawaii" (*ibid.*). This is a fair concern, however, in light of the preceding factors, it is insufficient to justify transfer.

In sum, the factors weigh in favor of maintaining the action here in the Northern District of California.

## CONCLUSION

For the foregoing reasons, defendant Maui Hyatt's motion to sever is **DENIED**, and its motion to dismiss or transfer is **DENIED**. The hearing scheduled for July 25 is **VACATED**.

**IT IS SO ORDERED.**

Dated: July 23, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE